## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIA F. COLAS, as Mother and Natural Guardian of LAILA ROSE JUSTIMA, HAROLD JUSTIMA, as Father and Natural Guardian of LAILA ROSE JUSTIMA, <br><br>               Plaintiffs, <br> v. <br><br> CYNTHIA M. RONAN, M.D., and GRIFFIN HOSPITAL, <br><br>               Defendants. | 3:13-CV-00855 (CSH) |

## ORDER

### I.    INTRODUCTION

Plaintiffs Maud F. Colas and Harold Justima (hereafter "Plaintiffs"), as Mother and Natural Guardian and Father and Natural Guardian of infant Laila Rose Justima, respectively, filed this lawsuit on June 14, 2013 against Defendants Cynthia M. Ronan, M.D. and Griffin Hospital (hereafter "Defendants").

Plaintiffs aver that on or around "December 21, 2011, and for some time prior thereto and subsequent thereto," Plaintiff Maud F. Colas, then pregnant with Laila Rose Justima, came under the care of Defendant Griffin Hospital and Defendant Cynthia M. Ronan, M.D. "in her capacity as a physician charged with the responsibility of caring for patients in accordance with standards of accepted obstetrical and gynecological practice." [Doc. 1] at ¶¶20-21.  Defendants further aver that "the care, treatment, and delivery rendered to Maud F. Colas and Laila Rose Justima ... was rendered in an improper, negligent and careless manner in that the said [D]efendants ... failed to care for, treat,

and properly deliver Maud F. Colas and infant Laila Rose Justima in accordance with the standards of medical, obstetric, gynecologic, nursing and hospital care and treatment generally accepted in the community" or, for that matter, "in accordance with accepted standards of practice." *Id.* at ¶24. Defendants' negligence, Plaintiff claim, "recklessly subjected the patient to erroneous and contraindicated treatment of shoulder dystocia" and failed to employ adequate and proper procedures, protocols, and policies for the handling of situations in which shoulder dystocia is suggested. *Id.* at ¶25.

Plaintiffs' Complaint states that as a consequence of Defendants' alleged negligence and medical malpractice, "Laila Rose Justima was caused to suffer from permanent, severe, disabling, unnecessary, and avoidable injuries and conscious pain and suffering." *Id.* at ¶27. These injuries include "birth trauma; severe left brachial plexus injury; marked neuro deficits, including but not limited to [an] inability to open the grasp of her left hand; inability to lift her left arm above ninety degrees, and impaired dexterity of the left hand" as well as "severely impaired function of the left shoulder, arm and hand; ... future limitations in ability to perform daily tasks;" and "significant limitations in activities of daily living, physical functioning and quality of life." *Id.*

Given that "by reason of the aforesaid negligence and medical malpractice of the [D]efendants, Laila Rose Justima was caused and will be required to undergo medical care and treatment for the rest of her life," has been caused to sustain, among other things, "damage to her phsyical abilities [and] decreased quality of life," and "will incur expenses for the provision" of various types of medical treatment and therapies, which she will require "for the remainder of her life," *Id.* at ¶¶29-30, Count One of Plaintiffs' Complaint demands judgment in the amount of $25,000,000 in compensatory damages. *Id.* at ¶¶31, 34. Count Two of Plaintiffs' Complaint seeks

2

judgment in the amount of $10,000,000 in compensatory damages for those "expenses and costs for the medical care and treatment" that Plaintiffs have incurred providing such care for their daughter "and will continue to incur ... in the future, as will the infant ... upon reaching majority age." *Id.* at ¶¶33, 34.  Plaintiffs also seek costs and disbursements of this action and the interest imposed thereon. *Id.* at ¶34.

Plaintiffs state in a conclusory fashion that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 due to "the diversity of citizenship among the parties, as [P]laintiffs are citizens of the State of New York and the [D]efendants are citizens of the State of Connecticut with their principal and actual place of business in that state." *Id.* at ¶¶12-13.  Plaintiffs also state that the matter in controversy exceeds, exclusive of interest and costs, $75,000." *Id.* at ¶13.

## II.   <u>SUBJECT MATTER JURISDICTION</u>

A federal district court has limited jurisdiction pursuant to Article III of the Constitution.  In order for this Court to exercise subject matter jurisdiction, either (1) a plaintiff must set forth a colorable claim arising under the Constitution or federal statute, creating "federal question" jurisdiction,  28 U.S.C. § 1331;[1] or (2) there must be complete diversity of citizenship between a plaintiff and all defendants and the amount in controversy must exceed $75,000. *Id.* § 1332 (a)(1).  *See, e.g., Dymon v. Laffaye*, 2012 WL 774996 at *1 (D. Conn. March 7, 2012).

If subject matter jurisdiction is lacking, dismissal of an action from federal court is mandatory. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  *See, e.g.,  Manway Constr. Co. v. Housing*

---

[1]   As Plaintiff's Complaint sets forth no facts or circumstances that potentially give rise to a federal claim under the Constitution or federal statute, there is no basis for  "federal question" jurisdiction pursuant to 28 U.S.C. § 1331.

*Authority of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983).  Accordingly, a federal court has the duty reviewing a plaintiff's complaint "at the earliest opportunity" to determine whether there is in fact subject matter jurisdiction.  *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp*., 109 F.3d 105, 107-08 (2d Cir. 1997) (court may raise the issue of subject matter jurisdiction *sua sponte* at any time); *see also, e.g., Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").

As stated *supra*, Plaintiffs allege that this Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, *see* [Doc. 1] at ¶12-13, under which, as also noted  *supra*, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a).  Specifically, Plaintiffs aver that they are both "residents of the Town of Bellport, County of Suffolk, State of New York." *Id.* at ¶2.  Plaintiffs also aver that Defendant "Griffin Hospital was a corporation organized and existing pursuant to the laws of the State of Connecticut," *Id.* at ¶4, and that Defendant Cynthia M. Ronan, M.D. was a physician practicing medicine in the State of Connecticut who was duly licensed to do so while affiliated with and employed by Defendant Griffin Hospital. *Id.* at ¶¶7-11.

Several issues arise out of Plaintiffs' Complaint that have direct bearing on whether diversity in this matter exists under 28 U.S.C. § 1332(a) and, consequently, whether this Court possesses subject matter jurisdiction.  In short, Plaintiffs' Complaint does not establish diversity among the

parties, and the citizenship of all parties to this action must be confirmed in order for the Court to make a determination of its subject matter jurisdiction.

As an initial matter, an individual's citizenship for diversity purposes is determined by his or her *domicile*, which is defined as "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)); 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984).  In assessing diversity, a court must be apprised of the location where a plaintiff and each defendant was *domiciled* at the time an action was filed, and not merely of a party's *residence*.[2] Accordingly Plaintiffs' being *residents* of the State of New York does not adequately demonstrate that they are *citizens* of the State of New York.

The distinction between a party's residence and domicile is straightforward.  "In general, the domicile of an individual is his true, fixed and permanent home and place of habitation," which is to say, "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983); *see also, e.g., Palazzo v. Corio*, 232 F.3d at 42.  In contrast, "residency" occurs "when a person takes up his abode in a given place, without any present intention

_____

[2]  *See, e.g., Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009) (to determine diversity jurisdiction "it must be determined whether *at the time the present action was commenced* there was diversity jurisdiction") (emphasis added). For diversity purposes, an individual's citizenship is determined by his or her domicile.  *Id*. ("Accordingly, it must be determined whether at the time the present action was commenced there was diversity jurisdiction, that is, whether [defendant]  was a citizen of— *i.e.*, domiciled in, *see, e.g., Gilbert v. David*, 235 U.S. 561, 569, 35 S.Ct. 164, 59 L.Ed. 360 (1915); *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir.1998)—a state other than the state in which [plaintiff corporation] was incorporated and the state in which it had its principal place of business, see 28 U.S.C. § 1332(c)(1), and whether the amount in controversy "exceeds ... $75,000, exclusive of interest and costs," *id*. § 1332(a).).

to remove therefrom." *Martinez v. Bynum*, 461 U.S. at 331.  A "residency," therefore, may be taken

up for personal or business reasons and may be either permanent *or* solely for a period of time. *Id.*

The test for an individual's residency is thus significantly less stringent than the "more rigorous

domicile test." *Id.*[3]  Thus "a statement of residence, unlike domicile, tells the court only where the

parties are *living* and not of which state they are *citizens*." *John Birch Soc. v. Nat'l Broadcasting

Co.*, 377 F.2d 194, 199 (2d Cir. 1967) (emphasis added).  Thus it is "well-established that allegations

of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-

03 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44,

47 (2d Cir. 1996)).

Similarly, Plaintiffs' assertion that Defendant Griffin Hospital is a citizen on the State of

Connecticut has also not been adequately demonstrated.  Under 28 U.S.C. § 1332(c)(1), for the

purpose of diversity of citizenship, "a corporation shall be deemed to be a citizen of any State by

which it has been incorporated and of the State where it has its principal place of business."

Plaintiffs' statements that Defendant Griffin Hospital is "a corporation with business activities and

operations, including a hospital, located in the State of Connecticut" and that it was "organized and

exist[s] pursuant to the laws of the State of Connecticut" are insufficient to establish either the

citizenship of Defendant Griffin Hospital or a true diversity of citizenship between Defendant Griffin

Hospital and Plaintiffs. [Doc. 1] at ¶¶3-4.

---

[3]   Given that "one can *reside* in one place but be *domiciled* in another," for jurisdictional
purposes, the term "'[d]omicile' is not necessarily synonymous with [the term] 'residence.'"
*Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citations omitted).
For the reasons explicated *supra*, a court may not and cannot simply infer a party's citizenship, or
domicile, from assertions concerning a party's residence. *See, e.g., Realty Holding Co. v.
Donaldson,* 268 U.S. 398, 399 (1925).

In order to establish that Defendant Griffin Hospital is a citizen of the State of Connecticut, Plaintiffs must affirm that Griffin Hospital is *incorporated* in Connecticut *or* that its *principal place of business* is in Connecticut.  Further, in order for diversity of citizenship to be complete under 28 U.S.C. § 1332, *a plaintiff's citizenship must be diverse from that of all defendants in an action*.  *See, e.g., St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  "In an action in which jurisdiction is premised on diversity of citizenship, [such] diversity must exist at the time the action is commenced."  *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002).  Therefore, assuming *arguendo* that Plaintiffs are able to adequately demonstrate that they are domiciled in and therefore citizens of the State of New York, should Defendant Griffin Hospital either be incorporated in the State of New York *or* should it have its principal place in the State of New York, diversity will not be complete and this Court will not have subject matter jurisdiction.

The same is true with respect to the citizenship of Defendant Cynthia M. Ronan, M.D. Plaintiffs state only that she is a physician "duly licensed to practice medicine in the State of Connecticut," that she is indeed "practicing medicine in the State of Connecticut," and that she is "affiliated with [D]efendant Griffin Hospital and was authorized to provide care and treatment to patients at [D]efendant Griffin Hospital." [Doc. 1] at ¶¶7-10.  As previously stated, an individual's citizenship for diversity purposes is determined by his or her *domicile*, which is defined as "the place where a person has his true fixed home and principal establishment, and to which, whenever he is

absent, he has the intention of returning." *Palazzo v. Corio*, 232 F.3d at 42 (2d Cir. 2000) (citation omitted). Plaintiffs do not make any statement with respect to Defendant Cynthia M. Ronan, M.D.'s domicile, although they state that she is a citizen of the State of Connecticut. It is possible that this Defendant could be employed by a corporation that is a citizen of one state while she herself is domiciled, and therefore a citizen, of a different state.

Thus the allegations of the Complaint are insufficient to demonstrate the domiciles of either Defendant Griffin Hospital or Defendant Cynthia M. Ronan, M.D. Nor do Plaintiffs sufficiently allege their own domiciles. In consequence, this Court's diversity jurisdiction is not sufficiently alleged.

III.   **CONCLUSION**

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS Plaintiffs to supplement the record on or before **Thursday, July 11, 2013** by providing an affidavit regarding their *domiciles* at the time their Complaint in this action [Doc. 1] was filed – i.e., June 14, 2013 – as well as stating whether either of them maintained any other residence in any other state at the time at which the Complaint was filed, along with (1) the location of all such residences kept; and (2) the approximate length of time spent at each such residence.

The Court further ORDERS Plaintiffs to state in detail within their affidavit the source and grounds for their information and belief regarding (1) Defendant Griffin Hospital's place of incorporation *and* Defendant Griffin Hospital's principal place of business at the time Plaintiffs' Complaint was filed; and (2) the *domicile* of Defendant Cynthia M. Ronan, M.D. at the time Plaintiffs' Complaint was filed.

All case deadlines shall be stayed pending the Court's review of Plaintiffs' affidavit. If, upon

review, the Court determines that it possesses subject matter jurisdiction, the action may proceed.

Otherwise, in the absence of such jurisdiction, the Court shall dismiss the action without prejudice.

Alternatively, at any time prior to Thursday, July 11, 2013 Plaintiffs may file a notice of voluntary

dismissal under Fed. R. Civ. P. 41(a)(1).  Such dismissal would also be without prejudice.

The foregoing is SO ORDERED.


Dated: New Haven, Connecticut
        June 20, 2013


                                        /s/Charles S. Haight, Jr.
                                        Charles S. Haight, Jr.
                                        Senior United States District Judge