IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MAUD F. COLAS & HAROLD JUSTIMA | : | 3:13 CV 855 (CSH) |
| V. | : | |
| CYNTHIA M. RONAN, M.D. & GRIFFIN HOSPITAL | : | DATE: AUGUST 11, 2014 |

RULING ON DEFENDANT'S MOTION TO COMPEL

On June 14, 2013, plaintiffs Maud F. Colas and Harold Justima commenced this medical malpractice lawsuit against defendants Dr. Cynthia M. Ronan and Griffin Hospital, regarding serious injuries that occurred during the birth of their daughter, Laila Rose Justima (Dkt. #1); on September 30, 2013 and November 1, 2013, defendant Dr. Ronan and defendant Griffin Hospital, respectively, filed their answers (Dkts. #20, 28). Under the electronic scheduling order filed on August 4, 2014 by Senior U.S. District Judge Charles S. Haight, Jr., all discovery is to be completed by January 19, 2015 and all dispositive motions are to be filed by March 5, 2015. (Dkt. #38).

On July 7, 2014, defendant Griffin Hospital filed the pending Motion to Compel and brief in support (Dkt. #34),[1] as to which plaintiffs filed their brief in opposition twenty-one days later. (Dkt. #36).[2] Defendant Griffin Hospital filed its reply brief on August 5, 2014.

[1]An affidavit from defense counsel, sworn to July 7, 2014 was attached.

[2]The following exhibits were attached: copy of Certification of Plaintiffs' Counsel in Opposition to Defendant's Motion to Compel, dated July 28, 2014; copy of the complaint here (Exh. A); copy of redacted letters, dated June 4, 2013 and June 10, 2013 (Subexhs. A-B); copy of Plaintiff[s]' Rule 26(a) Initial Disclosures, dated November 22, 2013 (Exh. B); copy of Defendant Griffin Hospital's Interrogatories, dated October 31, 2013 (Exh. C); copy of Defendant Griffin Hospital's Production Requests, also dated October 31, 2013 (Exh. D); copy of Plaintiffs' Responses to Defendant Griffin Hospital's Rule 33 Interrogatories, dated November 26, 2013 (Exh. E); copy of Plaintiffs' Response to Defendant Griffin Hospital's Production Requests, dated December 6, 2013 (Exh. F); and copies of correspondence between counsel, dated May 15 and June 13, 2014 (Exhs. G-H).

(Dkt. #39). On July 11, 2014, Judge Haight referred the pending motion to this Magistrate Judge. (Dkt. #35).

In its motion, defendant Griffin Hospital seeks production of "a memorandum [filed pursuant to CONN. GEN. STAT. § 52-190a] detailing witness interviews that was heavily relied on by the doctor and nurse whose opinions are appended to the complaint[,]" arguing that there is substantial need for the document, the document is not protected by any privilege regarding communications with an expert, and the work-product privilege was waived. (Dkt. #34, Brief at 1, 4-6; see also Dkt. #39, at 1-6). In the alternative, defendant Griffin Hospital requests an in camera review. (Dkt. #34, Brief at 7). In opposition, plaintiffs argue that the memorandum is not discoverable in that defense counsel specifically excluded this memorandum from disclosure, it constitutes work-product privilege, it is not discoverable since it is material provided to a non-testifying expert, it is specifically exempted from discovery under CONN. GEN. STAT. § 52-190a, plaintiffs timely invoked the work-product and attorney-client privilege, defendant Griffin Hospital has not identified "substantial need" for disclosure, and plaintiffs have not waived any privilege because disclosure is mandated by CONN. GEN. STAT. § 52-190a. (Dkt. #36, at 1-15).

In its reply brief (Dkt. #39, at 3), defendant Griffin Hospital has cited a recent state court decision that addresses some of the issues raised in these briefs. In Quiros v. Elderhouse, Inc., No. FSTC CV 136017788S, 2014 WL 2255314, at *2 (Conn. Super. Ct. Apr. 25, 2014), the plaintiff objected to discovery of the pre-litigation investigation performed by the nurse who had prepared the § 52-190a certification, who later was also disclosed as an expert witness. Connecticut Superior Court Judge Anthony D. Truglia, Jr. relied upon Senior U.S. District Judge Ellen Bree Burns' decision in Messier v. Southbury Training School, No.

94 CV 1706, 1998 WL 422858, at *8-9 (D. Conn. June 29, 1998), in distinguishing, under FED. R. CIV. P. 26, between consultant experts and testifying experts. 2014 WL 2255314, at *3. Judge Truglia refused to adopt the "bright line rule" advocated by plaintiff; while agreeing with plaintiff that communications and documents that are purely consultative in nature, or relate strictly to litigation strategy, are protected as attorney work product and should be protected whether they occur before or after the start of a lawsuit, he disagreed, however, "that pre-litigation communications and records, including those relating to the preparation of the good faith certificate, should be classified as consultative per se, solely by virtue of the fact that they pre-date the commencement of litigation." Id. He added that "[t]he determination of whether a communication or document is purely consultative or subject to discovery . . . is most properly made on a case-by-case, and document-by-document, basis." Id. Like Judge Burns in Messier, 1998 WL 422858, at *9, Judge Truglia ordered an in camera review of the documents. 2014 WL 2255314, at *4-5. See also DeRose v. Marrakech, Inc., No. CV 116017554S, 2011 WL 4953901, at *3, 6 (Conn. Super. Ct. Oct. 4, 2011)(ordering in camera review of good faith certificate for different reasons).

The parties have not cited any federal cases concerning the interplay between FED. R. CIV. P. 26 and CONN. GEN. STAT. 52-190a, nor has the Court found any. Therefore, the Magistrate Judge agrees with defendant Griffin Hospital's suggestion that the memorandum at issue be reviewed in camera. (Dkt. #34, Brief at 7). Accordingly, **on or before August 25, 2014**, plaintiffs' counsel shall forward a copy of this memorandum to this Magistrate Judge's Chambers for her in camera review.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72;

and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).[3]

Dated at New Haven, Connecticut, this 11th day of August, 2014.

/s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

[3]If either counsel believes that a settlement conference before this Magistrate Judge could be productive, he or she should contact Chambers accordingly.