IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
---------------------------------------------------------X
                                          :
MAUD F. COLAS & HAROLD JUSTIMA            :        3:13 CV 855 (CSH)
                                          :
V.                                        :
                                          :
CYNTHIA M. RONAN, M.D. & GRIFFIN          :        DATE: AUGUST 25, 2014
HOSPITAL                                  :
---------------------------------------------------------X
```

RULING FOLLOWING IN CAMERA REVIEW

On June 14, 2013, plaintiffs Maud F. Colas and Harold Justima commenced this medical malpractice lawsuit against defendants Dr. Cynthia M. Ronan and Griffin Hospital, regarding serious injuries that occurred during the birth of their daughter, Laila Rose Justima (Dkt. #1); on September 30, 2013 and November 1, 2013, defendant Dr. Ronan and defendant Griffin Hospital, respectively, filed their answers (Dkts. #20, 28).  Under the electronic scheduling order filed on August 4, 2014 by Senior U.S. District Judge Charles S. Haight, Jr., all depositions of fact witnesses are to be completed by September 18, 2014, plaintiffs are to designate their trial experts and provide expert reports by October 17, 2014 and such experts are to be deposed by November 17, 2014, and defendants are to designate their trial experts and provide their expert reports by December 15, 2014 and such experts are to be deposed by January 19, 2015.  (Dkt. #38).

On July 7, 2014, defendant Griffin Hospital filed its Motion to Compel (Dkt. #34), which Judge Haight referred to this Magistrate Judge four days later.  (Dkt. #35).  In its motion, defendant Griffin Hospital sought production of "a memorandum [filed pursuant to CONN. GEN. STAT. § 52-190a] detailing witness interviews that was heavily relied on by the doctor and nurse whose opinions are appended to the complaint[,]" arguing that there is substantial need for the document, the document is not protected by any privilege regarding

communications with an expert, and the work-product privilege was waived.   (Dkt. #34, Brief at 1, 4-6; see also Dkt. #39, at 1-6).   In the alternative, defendant Griffin Hospital requested an in camera review. (Dkt. #34, Brief at 7).   In opposition, plaintiffs argued that the memorandum is not discoverable in that defense counsel specifically excluded this memorandum from disclosure, it constitutes work-product privilege, it is not discoverable since it is material provided to a non-testifying expert, it is specifically exempted from discovery under CONN. GEN. STAT. § 52-190a, plaintiffs timely invoked the work-product and attorney-client privilege, defendant Griffin Hospital has not identified "substantial need" for disclosure, and plaintiffs have not waived any privilege because disclosure is mandated by CONN. GEN. STAT. § 52-190a.  (Dkt. #36, at 1-15).

On August 11, 2014, this Magistrate Judge filed her Ruling on Defendant's Motion to Compel (Dkt. #40)["First August 2014 Ruling"], 2014 WL 3907974, at *1, which ordered an in camera review of this memorandum, citing Messier v. Southbury Training School, No. 94 CV 1706, 1998 WL 422858, at *8-9 (D. Conn. June 29, 1998); Quiros v. Elderhouse, Inc., No. FSTC CV 136017788S, 2014 WL 2255314, at *2, 4-5 (Conn. Super. Ct. Apr. 25, 2014) .  In accordance with the First August 2014 Ruling, on August 19, 2014, plaintiff submitted two versions of this memorandum – one dated May 4, 2013 and another dated June 5, 2013 ["June 2013 Memorandum"].[1]  Two certifications under CONN. GEN. STAT. § 52-190a were attached to the complaint here – one from a doctor, dated June 4, 2013 ["June 2013 Doctor's

---

[1]Contrary to plaintiffs' representations in their letter, dated August 18, 2014, the two versions are not "identical in wording, text and format" except for "line spacing."  The May 4, 2013 version contained several additional paragraphs, which focus upon pre-litigation investigation and plaintiff Colas' pre-natal and post-discharge care.   The June 5, 2013 version contained several additional paragraphs about expert opinions.

Certification"] and another from a nurse, dated June 10, 2013.[2] A comparison of the June 5, 2013 Memorandum to the June 2013 Doctor's Certification reveals that the two are nearly identical, except for several additional paragraphs in the June 2013 Memorandum that are summaries of witness statements and observations about witnesses or medical records, and then several paragraphs addressing potential expert testimony.

From a careful review of the two memoranda, it is clear that the two memoranda are, at this juncture, materials provided to "an expert who has been retained or specially employed by [a] party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial[,]" so that discovery from him or her is not permitted except upon "showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." FED. R. CIV. P. 26(b)(4)(D)(ii). See, e.g., Higher One, Inc. v. Touchnet Info. Sys., Inc., 298 F.R.D. 82, 86-87 (W.D.N.Y. 2014); In re Methyl Tertiary Butyl Ether Prod. Liab. Litig., 293 F.R.D. 568, 575 (S.D.N.Y. 2013); see also QBE Ins. Corp. v. Interstate Fire & Safety Equip. Co., Inc., No. 3:07 CV 1883 (SRU), 2011 WL 692982, at *5-6 (D. Conn. Feb. 18, 2011). As previously indicated, depositions of fact witnesses are to be completed by September 18, 2014, and the witnesses whose statements have been summarized are individuals who can be expected to be deposed. Thereafter, plaintiffs are to designate their trial experts and provide expert reports by October 17, 2014. As of the present time, the certifying doctor remains a consulting expert only, and defendants have no basis for showing "exceptional circumstances" unless and until these logical fact witnesses have significant memory lapses at their depositions.

_____

[2]Insofar as the Doctor's Certification is far more comprehensive than the Nurse's Certification, the Court will concentrate on the former as opposed to the latter.

In addition, <u>if</u> the doctor who provided the June 2013 Certification later is designated as an expert witness, so that he or she is now proceeding in a dual capacity as <u>both</u> consulting expert and testifying expert, then the analyses of Judge Burns in <u>Messier</u> and Judge Truglia in <u>Quiros</u> come into play.  In such event, defendant Griffin Hospital is free to seek reconsideration of this discovery issue.

Accordingly, <u>as of the present time</u>, plaintiffs need not disclose the May 4, 2013 and June 5, 2013 Memoranda, without prejudice to defendant Griffin Hospital seeking a reconsideration of this conclusion upon the conclusion of fact witness depositions and/or the designation of expert witnesses by plaintiffs.

Because this discovery ruling is subject to review, the two memoranda shall remain in this Magistrate Judge's Chambers; if any party files an objection to this discovery ruling, then the two memoranda will be forwarded to Judge Arterton's Chambers for her <u>in camera</u> review.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further

appeal to Second Circuit).[3]

Dated at New Haven, Connecticut, this 25th day of August, 2014.


 /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[3]If either counsel believes that a settlement conference before this Magistrate Judge could be productive, he or she should contact Chambers accordingly.